988 F.2d 130
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James R. BLUM and William C. Moran, Petitioners,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 92-3613.
 United States Court of Appeals, Federal Circuit.
 Jan. 14, 1993.
 
 54 M.S.P.R. 424.
 AFFIRMED.
 Before PLAGER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioners appeal the decision of the Merit Systems Protection Board (MSPB) dated August 17, 1992, which declined to review the May 29, 1992 initial decision of its administrative judge, thus making that decision final. The appeal was dismissed as untimely, exceeding the 20 days allowed. No good cause was shown to waive the time limit. We affirm.
 
 BACKGROUND
 
 2
 Petitioners, civilian employees of the United States Air Force at Keesler Air Force Base, Mississippi, sought to upgrade their positions from GS-12 to GS-13. The Atlanta Regional Office of the Office of Personnel Management (OPM) agreed, and they were promoted to the higher grade effective April 22, 1990. However, the Air Force Airlift Command sought OPM reconsideration of the promotions and, pending a decision, the promotions were designated as temporary, retroactive to April 22, 1990. Later, on July 30, 1990, OPM decided that the correct classification was GS-12 and, as a result, the temporary GS-13 promotions were canceled by the Air Force, effective September 23, 1990.
 
 
 3
 The MSPB held that if an appealable action occurred, its effective date would be April 22, 1990, when the promotions were changed to temporary ones. Petitioners argue that the adverse action was on July 30, 1990, when OPM decided that the GS-12 classification was correct, resulting in their demotions to GS-12 on September 23, 1990. Petitioners sought to contest the decision through their union and by congressional intervention. This proved unsuccessful.
 
 
 4
 An appeal must be filed within 20 days of the effective date of the action being appealed. 5 C.F.R. § 1201.22(b) (1992). Good cause is required to waive the time limit. 5 C.F.R. §§ 1201.12, 1201.22(c). Petitioners allege that they were unaware of their appellate rights although they exercised due diligence and ordinary prudence. They also claim that the action changing the promotions to temporary ones confused them about their appeal rights and that this was the government's fault. But, the MSPB gave no weight to this as it cannot explain the delay from the alleged appealable action in 1990 until the appeal in April 1992. Petitioners employed legal counsel in January 1991 and sued the Air Force in June 1991 in the District Court. That suit was voluntarily dismissed in September 1991 following a motion to dismiss by the defendant pointing out that the court had no jurisdiction because the remedies were exclusively limited to those provided under the Civil Service Reform Act. They still did not appeal to the MSPB until 7 months thereafter.
 
 
 5
 The scope of this court's review is limited by statute. 5 U.S.C. § 7703(c). We must affirm a decision of the MSPB unless it is found to be arbitrary, capricious, an abuse of discretion, obtained without authorized legal procedures, or unsupported by substantial evidence.
 
 
 6
 The burden of proof regarding the timeliness issue is upon petitioners. The board has wide discretion to determine whether an appellant should be granted a waiver of the time limit. Here, the substantial lapse of time and petitioners' conduct in the interim do not suggest to a reasonable mind that it was an abuse of discretion to enforce the time limit, to refuse a waiver, or that this action was contrary to law or unsupported by substantial evidence. The delay which ensued was occupied in part by petitioners' misdirected efforts for relief from other than those exclusively authorized by statute to provide it. This is not excusable neglect or reasonable prudence and is demonstrated by the very chronology of events furnished by petitioners to the MSPB, made available for our attention as well. The board decision must stand. We express no opinion on the merits of classification, an issue petitioners have been contesting since 1980, nor did the Merit Systems Protection Board. This is not the issue to be decided here.